USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 27, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

Petitioners,

-v.-

BEST FALCON CONSTRUCTION INC.,

Respondent.

18 Civ. 2997 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; and the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, "the Funds"), along with the New York City District Council of Carpenters (together with the Funds, "Petitioners") have filed a motion for summary judgment requesting two forms of relief. *First*, Petitioners seek to confirm an arbitration award issued under Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. *Second*, Petitioners move to recover the attorney's fees and costs they have incurred in seeking to confirm that award. The motion is

unopposed: Respondent Best Falcon Construction, Inc., did not appear in the underlying arbitration, and has not appeared before this Court. For the reasons set forth below, Petitioners' motion is granted in full.

## BACKGROUND[1]

### A. Factual Background

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), *codified in part at* 29 U.S.C. ch. 18. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation. Petitioner New York City District Council

---

[1] This Opinion draws on facts from the Declaration of Christopher Ozard ("Ozard Decl." (Dkt. #11)), and the exhibits attached thereto: the parties' project-labor agreement (the "PLA" (Dkt. #11-1–11-2)); the collective bargaining agreement upon which the PLA relies (the "CBA" (Dkt. #11-3)); the Policy for Collection of Employer Contributions referenced in the PLA and the CBA (the "Collections Policy" (Dkt. 11-4)); the Notice of Hearing ("Notice of Hearing" (Dkt.#11-5)); and the Opinion and Default Award that Petitioners seek to confirm ("Award" (Dkt. #11-6)).

The Court also cites to the Declaration of Todd Dickerson ("Dickerson Decl." (Dkt. #12)), and the exhibit attached thereto, which comprises Virginia & Ambinder, LLP's ("V&A") billing records and itemization of costs of suit ("Time Sheets" (Dkt. #12-1)).

Finally, this Opinion cites to the Complaint ("Compl." (Dkt. #1)) and to Petitioners' Local Civil Rule 56.1 Statement of Material Facts ("Pet'rs 56.1" (Dkt. #13)), the latter of which is uncontested. For ease of reference, the Court refers to Petitioners' brief in support of their motion for summary judgment as "Pet'rs Br." (Dkt. #14).

of Carpenters (the "Union") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain of Respondent's employees. (Compl ¶¶ 4-7). Respondent is "a domestic limited liability corporation incorporated under the laws of the State of New York." (*Id.* at ¶ 8).

This case arises from Respondent's alleged breach of a project labor-agreement (the "PLA"') with the Union, covering specified construction work on a project known as the IS 223 (Brooklyn) - Flood Elimination (the "Project"). (Pet'rs 56.1 ¶¶ 1-7; *see also* Ozard Decl. ¶¶ 9-10). The PLA bound Respondent to the collective bargaining agreement (the "CBA") between the Building Contractors Association, Inc. and the Union. (PLA, art. 2, § 4). At issue in this case, "[t]he CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions, and to remit contributions to the Funds for every hour worked by Respondent's employees on the Project." (Ozard Decl. ¶ 11 (citing CBA, art. XIV, § 1)). Furthermore, both the PLA and the CBA bind employers to the "Collections Policy." (*See* PLA, art. 11, § 2(b); CBA, art. XVI, § 3). In relevant part, the Collections Policy states:

> In the event that an employer refuses to permit a payroll review and/or audit upon request … the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest

3

> number of average hours reported per week for any period of four consecutive weeks during the audit period.

(Ozard Decl. ¶ 13 (citing Collections Policy § IV(12))).

Equally relevant here, at Article XVI, Section 7, the CBA outlines a grievance procedure requiring any complaint that is not resolved through negotiation to be submitted to arbitration. (CBA, art. XVI, § 7). Section 6(a), in turn, provides that

> in the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) … (4) reasonable attorney's fees and costs of the action.

(*Id.* at § 6(a)).

The dispute giving rise to the instant litigation began when Respondent failed to permit Petitioners to conduct an audit from August 20, 2013, through the present, in violation of the CBA. (Notice of Hearing).[2] Petitioners initiated an arbitration before the CBA-designated arbitrator (the "Arbitrator"), and the dispute was submitted to arbitration. (*Id.*; Pet'rs 56.1 ¶ 14).

On January 9, 2018, the Arbitrator held a hearing, at which no one appeared on behalf of Respondent. (Award 1). The Arbitrator proceeded to hear the testimony of Petitioners and

> found that Respondent violated the CBA when it failed to permit an audit covering August 20, 2013 through

---

[2] The Court draws the terminal date of "the present" from Petitioners' submissions, but recognizes that the date of the Notice of Hearing was October 5, 2017, and that the date of the Award was January 12, 2018.

4

>the present, and ordered Respondent to pay the Funds the sum of $679,875.88, consisting of an estimated principal deficiency of $510,313.05, interest of $65,100.22, liquidated damages of $102,062.61, court costs of $400, attorneys' fees of $1,500, and the arbitrator's fee of $500.

(Pet'rs 56.1 ¶ 16; *see also* Award 2-3). In addition, interest was to accrue on the award "at the rate of 5.75 % from the date of [the] award." (Pet'rs 56.1 ¶ 17; *see also* Award 2-3). To date, Respondent has not complied with the terms of the Award. (Pet'rs 56.1 ¶ 20).

## B. Procedural Background

Petitioners brought the instant action against Respondent on April 5, 2018. (Dkt. #1). In response to this Court's June 13, 2018 Order (Dkt. #9), on July 6, 2018, Petitioners filed a motion for summary judgment and supporting papers (Dkt. #10-15). In addition to seeking to confirm the arbitration award, and to include post-judgment interest at the statutory rate,[3] Petitioners ask this Court to award $3,300.50 in attorneys' fees and $103.96 in legal costs. (Pet'rs Br. 5).[4]

---

[3] Under 28 U.S.C. § 1961, awards of post-judgment interest in actions to confirm arbitration are mandatory. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018).

[4] The requested costs exclude the $400 court filing fee, which was included in the Award. (Dickerson Decl. ¶ 9; *see also* Award 3).

## DISCUSSION

### A. The Court Confirms the Arbitration Award

#### 1. Applicable Law

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578 (1960)).[5] Accordingly, judicial "review of an arbitration award under the LMRA is ... 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). "[U]nless the award is procured through fraud or dishonesty ... the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies" are binding on the reviewing court. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O.* v. *Niagara*

---

[5] The LMRA, not the Federal Arbitration Act (the "FAA"), governs this Court's review of Petitioners' motion to confirm. "[I]n cases brought under Section 301 of the [LMRA] ... the FAA does not apply." *Coca-Cola Bottling Co. of N.Y.* v. *Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001). And Section 301 of the LMRA "serves as the foundation for a substantive body of federal law that is 'analytically distinct from the [FAA].'" *1199 SEIU United Healthcare Workers E.* v. *Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co.,* 304 F.3d 200, 221 (2d Cir. 2002)). Nonetheless, "the FAA is useful as a source of principles to guide the development of law under LMRA § 301 ... particularly [ ] in the context of a petition to confirm or vacate an arbitration award." *Id.* Both statutes call for courts to be "extremely deferential" when reviewing arbitration awards. *Supreme Oil Co.* v. *Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).

*Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but" instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice,' it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

Thus, "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund* v. *Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (internal quotation marks omitted) (quoting *N.Y. Med. Ctr. of Queens* v. *1199 SEIU United Healthcare Workers E.*, No. 11 Civ. 4421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)). "When a petition to

7

confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record ... as akin to a motion for summary judgment.'" *Id.* at *2 (omission in original) (quoting *D.H. Blair & Co.* v. *Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006)). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *D.H. Blair & Co.*, 462 F.3d at 110).

    **2.    Analysis**

Viewed in light of the LMRA, the undisputed facts of this case make plain that the Court must confirm the Award. The CBA required Respondent to submit to an audit of its books and records to determine whether it had remitted all the contributions it owed to the Petitioners. In addition, the PLA entitled Petitioners to pursue arbitration if Respondent failed to so submit. Petitioners determined that Respondent failed to permit such an audit covering the time from August 20, 2013, to the present. Petitioners filed a Demand for Arbitration, and served Respondent with the Notice of Hearing. (Notice of Hearing). On the basis of the CBA and the unopposed testimony of Charles Virginia, Esq., appearing on behalf of Petitioners, the Arbitrator found Respondent "in violation of the Collective Bargaining Agreement for its failure to permit the Funds' auditors to examine its Books & Records for the period 8/20/2013 through [the Date of the Award.]" (Award 2). The Arbitrator rendered a written decision directing Respondent to pay a total amount of

$510,313.05 plus interest, liquidated damages, as well as the Arbitrator's fee. (*See id.*).

Put simply, the Arbitrator properly construed and applied the CBA when it issued the Award. The LMRA, in turn, requires the Court to confirm the Award.

**B.   The Court Grants Petitioners' Application for Attorney's Fees and Costs**

   **1.   Applicable Law**

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Id.* However, an award of attorneys' fees and court costs is proper when consistent with the parties' contractual obligations under the CBA. *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017). When the contract requires payment, the prevailing parties can recover attorney's fees.

In addition, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). "In confirmation proceedings, 'the guiding

principle has been stated as follows: [W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

Determining whether attorneys' fees are reasonable requires a court to assess that attorney's hourly rate and the number of hours he or she billed at that rate. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). An hourly rate is considered reasonable when it is comparable to the prevailing rates in the community for similar services by lawyers of commensurate skill. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012). And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (internal quotation marks and citation omitted).

As for costs, judges in this District "routinely permit[ ]" attorneys to recoup "filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on" an opposing party. *Plaza Constr. Grp.*, 2016 WL 3951187, at *2.

2. **Analysis**

Petitioners seek $3,405.46 in attorneys' fees and costs. Because Respondent agreed to a CBA that specified for the recovery of fees and costs in these circumstances; failed to participate in the initial arbitration after receiving notice; and did not oppose the Petitioners' application for confirmation of the arbitration award, the Court concludes that Petitioners are entitled to recover their and costs from the instant action. And because the fees and costs Petitioners have requested are reasonable, the Court grants their request in full.

*First*, the requested $3,300.50 fee is reasonable. In support of that request, Petitioners submitted time records documenting the hours worked and activities performed in support of this action. (*See* Time Sheets). A total of 16.60 hours of work were completed by two associates, who billed at $275 per hour, one "of counsel," who billed at $350 per hour, and several legal assistants and law clerks, who billed at $120 per hour. (*See id.*). On review of the contemporaneous time records, compared against the prevailing rates in the community, the amounts requested are reasonable. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004 (GHW), 2016 WL 7335672, at *4 (S.D.N.Y. Dec. 16, 2016) (noting,

in 2016, that rates of $300 per hour for "of counsel," $225 per hour for associates and law clerks, and $100 per hour for paralegals were reasonable). In addition, other judges in the Second Circuit have awarded similar fees in confirmation proceedings for V&A attorneys and legal assistants. *See, e.g., Trs. of N.Y. Dist. Council of Carpenters Pension Fund* v. *Metro. Fine Mill Work Corp.*, No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving rates of $225 for V&A's associates and $100 for its legal assistants). This Court finds that the billing rate and hours are reasonable and grants the application for $3,300.50.

This Court also finds that Petitioners' request for $100.96 in costs is reasonable. This figure consists primarily of the $95.00 court service fee, along with miscellaneous mailing costs. (*See* Time Sheets). "Recovery of such costs is routinely permitted." *Plaza Constr. Grp., Inc.*, 2016 WL 3951187, at *2.

**CONCLUSION**

For the reasons set forth above, Petitioners' motion for summary judgment to confirm the Award is GRANTED. The Clerk of Court shall enter judgment for Petitioners and against Respondent in the amount of $683,281.34, which consists of the arbitration award of $679,875.88 plus $3,405.46 in attorneys' fees and costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:     November 27, 2018
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge